IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMILIO LOPEZ MONDEJA,

    Petitioner,

v.                                                                            No. 2:26-cv-01075-KG-JHR

OTERO COUNTY PRISON FACILITY,
WARDEN, et al.,

    Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Emilio Lopez Mondeja's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 10. Petitioner proceeds pro se. Doc. 1 at 1. For the reasons below, the Court denies the petition.

### I.    *Background*

Petitioner, a native and citizen of Cuba, entered the United States in 2022 near Eagle Pass, Texas. Doc. 10 at 2. He was granted parole and applied for asylum. Doc. 1 at 13. He also applied for adjustment of status under the Cuban Adjustment Act ("CAA"). *Id.*

On February 25, 2025, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner at a required probation appointment. *Id.* He is currently detained at Otero County Processing Center in Chaparral, New Mexico. *Id.* at 28. At the outset of detention, an IJ denied bond, finding that Petitioner is a "danger to the community." *Id.* at 14; Doc. 10-6 at 1.

On January 6, 2026, an immigration judge ("IJ") granted his asylum application and denied his application for adjustment of status. Doc. 1 at 13. The Department of Homeland Security ("DHS") appealed the grant of asylum to the Board of Immigration Appeals ("BIA"), and that appeal remains pending. *Id.*

1

Petitioner claims that his confinement violates his Fifth Amendment Due Process Rights and that his "continued detention has become punitive...given his deteriorating mental and physical condition" in confinement. *Id.* at 12, 15. He seeks immediate release, an order prohibiting transfer, and recognition of his pending I-485 adjustment under the CAA. *Id.* at 4. The Government opposes the petition. *See generally* Doc. 10.

## II.     Standard of Review

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

### III.    *Analysis*

As an initial matter, § 1226 governs Petitioner's detention.  Petitioner has lived in the United States for years and was not arrested at a port of entry or near the border.  He therefore was not seeking admission at the time of his arrest.

The Court nonetheless declines to grant relief because Petitioner received a bond hearing under § 1226(a).  The IJ considered the record and denied bond as a matter of discretion, finding that Petitioner failed to carry his burden of showing he is not a danger to the community.  Doc. 10-6 at 1.  Under these circumstances, Petitioner has received the process contemplated by § 1226(a).  This case is unlike those in which an IJ refuses to hold a bond hearing or declines to reach the merits for lack of jurisdiction.  *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.); *Melendez Aldarozo v. Noem*, 2026 WL 735379, at *1 (D.N.M.).  Rather, here, the IJ held a hearing and decided the issue.

Moreover, this Court lacks jurisdiction to review the merits of Petitioner's immigration status or the underlying removal proceedings.  *See Hassan v. I.N.S.*, 66 F.3d 266, 268 (10th Cir. 1995).  Therefore, the Court may not review the IJ's denial of adjustment.

Petitioner also raises concerns about his deteriorating health in detention.  *See* Doc. 1 at 14.  The Court takes those concerns seriously.  But such allegations challenge the conditions of Petitioner's confinement, rather than the legality of the detention itself, and therefore do not provide a basis for habeas relief.  As the Tenth Circuit has explained, detainees "who wish to challenge only the conditions of their confinement...must do so through civil rights lawsuits...not through federal habeas proceedings."  *Standifer v. Ledezma*, 653 F.3d 1276, 1278 (10th Cir. 2011).  So, those allegations cannot support the relief sought in this action.

## IV.    *Conclusion*

For the reasons above, the Petition, Doc. 1, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.